IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
2096 Walsh Ave, Ste C1
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>Plaintiff,<br>v.<br><br>THE SHOPS AT CORONADO, LLC; BAY BOOKS CAFE LLC; and HANSON MULLER ENTERPRISES, INC.,<br><br>Defendants. | Case No. '26CV3779 JO DDL<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

**INTRODUCTION**

1. Plaintiff JAMES ALGER ("Plaintiff") brings this action against Defendants THE SHOPS AT CORONADO, LLC; BAY BOOKS CAFE LLC; and HANSON MULLER ENTERPRISES, INC. (collectively, "Defendants") for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.

2. Plaintiff is, and at all relevant times was, an individual with a physical disability that substantially limits one or more major life activities. Plaintiff requires the use of a wheelchair or mobility scooter for ambulation.

3. In June 2026, Plaintiff visited a retail and dining establishment located in Coronado, California, which is owned, operated, and/or leased by Defendants.

4. During his visit, Plaintiff encountered architectural barriers that denied him full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the subject premises. Namely, there was a lack of accessible seating and a lack of an accessible transaction counter.

5. As a result of these barriers, Plaintiff was unable to fully access and enjoy the subject premises and continues to be deterred from returning until such barriers are removed.

**JURISDICTION AND VENUE**

6. The United States District Court, Southern District of California, has original federal question jurisdiction of the action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12101 et seq. All actions complained of herein took place within the jurisdiction of the United States District Court, Southern District of California. Additionally, the real property that is the subject of this action is located within the United States District Court, Southern District of California.

## PARTIES

7. Plaintiff JAMES ALGER is, and at all times relevant here was, a qualified individual with a physical disability. Plaintiff suffers from Charcot-Marie-Tooth disease (“CMT”), a disease of the peripheral nerves that control muscles and causes progressive loss of function and sensation in the hands, arms, legs, and feet. This physical impairment substantially limits Plaintiff’s major life activities, including walking and performing manual tasks. As a result, Plaintiff relies on a scooter or a wheelchair for mobility. Plaintiff resides in Porter Ranch, California.

8. Defendants own, operate, and/or lease, Bay Books Coronado and Bay Books Coffee Shop, two adjoining businesses located at 1007 Orange Avenue, Coronado, California 92118 (collectively, “Bay Books”), and did so at all times relevant to this Complaint, including during Plaintiff’s visit. Bay Books offers retail bookstore and coffee shop services to the general public and therefore constitutes a place of public accommodation within the meaning of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

## FACTUAL ALLEGATIONS

9. In June 2026, Plaintiff was on a multi-day trip to the San Diego area, where he visited Coronado and the San Diego Zoo. Plaintiff enjoys browsing bookstores and searching for books of interest, so when he came across Bay Books, he decided to go inside. Plaintiff was able to enter the store using his mobility scooter, browse the merchandise, and locate a book he wished to purchase. However, when Plaintiff proceeded to the checkout counter, he found that the counter was too high for him to comfortably use from his mobility scooter, and the credit card reader was mounted even higher, beyond his independent reach. Plaintiff was therefore unable to complete the transaction on his own and had to rely on the assistance of a third party to operate the payment device. This was

difficult, uncomfortable, frustrating, and embarrassing for Plaintiff because it prevented him from independently completing a routine transaction in the same manner as nondisabled customers.

10. Immediately adjacent to the bookstore in the same building was a coffee shop. After shopping, Plaintiff became hungry and wanted to stop for food and refreshments. Plaintiff would have liked to patronize the coffee shop; however, it was immediately apparent that none of the outdoor tables could accommodate his mobility scooter. The tables were center-pedestal mounted and did not provide adequate knee clearance for Plaintiff to position himself underneath them. Because there was no outdoor seating that Plaintiff could use, he was unable to dine there in the same manner as other patrons. Plaintiff felt frustrated and excluded and ultimately decided to leave and eat elsewhere.

11. The barriers encountered by Plaintiff are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's counsel's access expert. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).

12. Plaintiff frequently travels to the San Diego area and is an annual pass holder to the San Diego Zoo. Plaintiff enjoys browsing bookstores and would like to return to Bay Books during future visits to look for and purchase books. However, Plaintiff is deterred from returning because of the conditions described above, which make it difficult, uncomfortable, and embarrassing for him to independently access and use the store's services. Plaintiff intends to return to Bay Books once those conditions are remedied and the store is accessible to him.

//

//

//

**CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

13. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 12 of this Complaint and incorporates them herein as if separately replead.

14. Plaintiff is a qualified individual with a disability within the meaning of Title III of the ADA.

15. Bay Books is a place of public accommodation subject to the requirements of Title III of the ADA.

16. During his visit, Plaintiff encountered accessibility barriers, including an inaccessible transaction counter and the absence of accessible dining surfaces. These barriers interfered with Plaintiff's ability to independently access and enjoy the goods and services offered at the premises.

17. Defendants failed to provide Plaintiff with full and equal access to the premises as required by 42 U.S.C. §§ 12182 and 12183 and the regulations promulgated thereunder.

18. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a

good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

19. The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, was at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. The barriers encountered by Plaintiff are limited in scope and are capable of being remedied without fundamentally altering the nature of Defendants' business operations. The modifications necessary to provide accessible features are

commonly implemented in retail and dining establishments and can be accomplished without significant difficulty or expense.

20. The transaction counter can be made accessible through readily available measures, including providing a lowered accessible portion of the counter, installing an auxiliary accessible counter surface, relocating the payment device to an accessible location, or implementing another compliant solution. Such modifications are routinely used in places of public accommodation and can be accomplished without substantial structural changes.

21. Accessible dining surfaces can likewise be provided through readily available measures, including replacing or modifying one or more outdoor tables to provide the required knee clearance for wheelchair and mobility scooter users. Accessible tables are commercially available and can be incorporated into the existing seating area without significant difficulty or expense.

22. Accordingly, the cost of removing these barriers is minimal when compared to Defendants' resources and is far outweighed by the benefits of providing equal access to individuals with disabilities, including compliance with federal law, increased accessibility to the public, expanded customer base, and the avoidance of ongoing legal liability.

23. In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

24. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.

25. On information and belief, as of the date of Plaintiff's visit to the

subject premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

26. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. § 2000a-3(a)) and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use or attempt to use the property and premises, or attempt to patronize Bay Books, in light of Defendants' policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER FOR RELIEF**

1. Plaintiff does not have an adequate remedy at law for the harm caused by the conditions described in this Complaint. The barriers at Defendants' business have interfered with Plaintiff's ability to access the premises and have deterred him from returning. Unless those conditions are corrected, Plaintiff will continue to face the same access barriers and resulting harm.

2. There is a real and ongoing dispute between the parties regarding whether Defendants' conduct complies with Title III of the Americans with Disabilities Act. Plaintiff seeks a declaration finding that the conditions at issue violate the ADA.

3. Plaintiff further seeks injunctive relief requiring Defendants to bring Bay Books into compliance with the ADA. This includes, but is not limited to, an order requiring Defendants to:

i. Remove the access barriers identified in this Complaint;

ii. Ensure that individuals with disabilities are afforded the same access and benefits as other patrons; and

iii. Provide and *maintain* accessible features, including an accessible transaction counter and dining surfaces.

4. Plaintiff requests that the Court retain jurisdiction to ensure that the required modifications are implemented and maintained.

5. Plaintiff also seeks recovery of his reasonable attorneys' fees, litigation expenses, and costs as permitted by law.

6. Plaintiff requests such other and further relief that the Court may deem just and proper.

Date: June 28, 2026

ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*
By: IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER